MEMORANDUM **
Alan Libman appeals the 150-month sentence he received for committing mail fraud, in violation of 18 U.S.C. § 1341, and engaging in promotional money laundering, in violation of 18 U.S.C. § 1956(a)(l)(A)(i). We affirm Libman’s sentence, as the district court neither committed procedural error nor imposed an unreasonable sentence. We also affirm the district court’s restitution order.
Before reviewing Libman’s sentence for substantive reasonableness, we first consider whether the district court committed significant procedural error. United States v. Carty, 520 F.3d 984, 993 (9th Cir.2008) (en banc). Libman argues that the district court improperly denied him a three-level downward adjustment for acceptance of responsibility under the Guidelines. See U.S.S.G. § 3E1.1. The transcript indicates, however, that the district court did include the three-level downward adjustment in calculating the offense level as 29 and the Guideline range for custody as 87 to 108 months. That the district court ultimately elected to impose a sentence above the Guideline range did not alter the Guideline calculation itself, which was correct. Libman’s argument to the contrary has no merit.
Next, Libman alleges that the district court failed to give him sufficient notice of its intent to “depart” upward from its Guidelines calculation, as required under Rule 32(h) of the Federal Rules of Criminal Procedure. The court, however, “varied” from the Guidelines; it did not “depart” under them. See United States v. Autery, 555 F.3d 864, 873 n. 7 (9th Cir.2009). Because the district court used a variance, rather than a departure, it had no obligation to give Libman prior notice of its intent under Rule 32(h). See Irizarry v. United States, — U.S. -, 128 S.Ct. 2198, 2203, 171 L.Ed.2d 28 (2008).
We also reject Libman’s claim that the district court erred in calculating the amount of loss for Guidelines purposes and for setting a restitution order. See U.S.S.G. § 2B1.1(b)(1). Under the Guidelines, the district court calculated loss in accordance with our precedent when it used the entire sum of money put at risk, $5,552,595, without subtracting any amount the victim investors ultimately recovered. See United States v. Munoz, 233 F.3d 1117, 1125 (9th Cir.2000). Whether the shipment of products allegedly worth $606,605 should count against the loss calculation is therefore irrelevant to the Guidelines calculation here: Even if $606,605 were subtracted from the total intended loss figure ($5,552,595), the resulting sum ($4,945,990) still would exceed the $2.5 million amount of loss required to impose an 18-level enhancement pursuant to § 2Bl.l(b)(l) of the Guidelines. Accordingly, the district court did not err in its Guidelines calculation.
In regards to restitution, Libman has no factual basis for disputing the district court’s determination that he owed $2,755,763. While Libman accurately notes that he provided credit card merchant receipts to the Probation Office, only *617 some of these receipts had corresponding shipping receipts that might corroborate his claim of having shipped $606,605 worth of products to clients. Moreover, according to the Probation Office, very few of the shipping receipts indicated the weight of the item mailed, and none provided a total declared value. When the Probation Office requested copies of product invoices to correspond with the credit card receipts and shipping receipts, Libman did not provide any. At sentencing, the district court offered to hold a hearing on whether $606,605 should be subtracted from the restitution order, but Libman subsequently agreed to forego the proposed hearing. On this record, we cannot conclude that the district court clearly erred in calculating loss for restitution purposes.[1]
Finally, we conclude that Libman’s sentence was reasonable. The sentencing transcript reveals that the district court carefully considered and “was intimately familiar with the nature of the crime and [Libman’s] role in it, as we are not,” and was able to appraise his sincerity, as we cannot. United States v. Whitehead, 532 F.3d 991, 993 (9th Cir.2008). Libman’s various arguments on appeal do not persuade us that his sentence was substantively unreasonable.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9 th Cir. R. 36-3.

. Libman also claims that the district court erred by failing to require the Probation Office to produce a report detailing the losses to each victim, as required for orders of restitution under 18 U.S.C. § 3664. The Presentence Report, however, indicates unambiguously that the Probation Office did prepare such a report, in the form of a "confidential victim list.”